IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RONALD D. LOTT                                                                                         PLAINTIFF

VS.                                                             CIVIL ACTION NO. 2:03cv508-KS-JMR

RENTAL SERVICE CORPORATION
(OF ARIZONA), *et al.*                                                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

The court has before it in this diversity action the motion of Defendant Rental Service Corporation ("RSC") for summary judgment. From its review of the submissions of the parties and the pleadings and exhibits on file, as well as applicable law, the court finds that the defendant's motion should be granted in part and denied in part. The court finds more specifically as follows:

This action against Rental Service Corporation[1] arises from a September 13, 2002 accident that occurred at the USA Yeast plant in Forrest County, Mississippi when the plaintiff was struck from behind by a boom lift manufactured by JLG Industries, owned by RSC and leased to Higgins Electric. On that occasion Plaintiff Lott was an employee of Smith's Inc. of Dothan and was working in the area where the lift was being operated by a fellow employee. In his complaint the plaintiff asserted claims for strict liability, negligence and gross negligence against RSC based upon his contentions, among others, that the boom lift was defectively designed and that RSC knew or should have known that at the time it leased the lift to Higgins Electric the lift was without an operating safety alarm. Following discovery, RSC filed the instant motion, basing its claim of entitlement to judgment as a matter of law in part on its contention that "[t]here are various accounts as to the motion alarm and its sounding on the job site, but none of the accounts provide information

---

[1] The complaint was later amended to name additional defendants.

that when the lift left RSC, the alarm was not operational." Motion for Summary Judgment at ¶ II. In response to the motion, the plaintiff "contends that RSC failed to perform proper inspection of the boom lift...prior to its delivery to the jobsite where Plaintiff was injured." Plaintiff's Memorandum in Opposition at ¶ 1.a.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the lawsuit under the governing substantive law,"[2] and only disputes over such outcome-determinative facts will preclude summary judgment. *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987). In making its determination of whether a triable issue of fact exists, the court must view the evidence submitted by the parties in a light most favorable to the non-movant,[3] disregard all evidence favorable to the moving party that the jury is not required to believe,[4] and resolve "all factual uncertainties" in favor of the non-movant.[5] Where the evidence offered in support of summary judgment establishes that "one of the essential elements of the plaintiffs' cause of action does not exist as a matter of law, ... all other contested issues of fact are rendered immaterial." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). If, in response to a properly supported motion for summary judgment, the non-movant submits evidence competent under Rule 56, that evidence "is

---

[2] As it is by reference to substantive law that the materiality of a disputed fact is determined, the existence of a triable issue of fact in this case is determined by reference to Mississippi's law applicable to negligence and product liability claims.

[3] *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

[4] *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896 (5th Cir. 2002).

[5] *Honore v. Douglas,* 833 F.2d 565, 567-68 (5th Cir. 1987)(also reminding district judges not to invade the province of the jury).

to be believed[, and] it is for the jury at trial, not for the judge on a pretrial motion, to decide whose evidence is more credible." *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

In his complaint, the plaintiff alleges against RSC a product liability claim for defective design based on strict liability in tort. Such claims are measured by the terms of Mississippi's Products Liability Act, which codified strict liability law. *See* MISS. CODE ANN. § 11-1-63 (Supp. 2004); *Clark v. Brass Eagle, Inc.,* 866 So. 2d 456, 460 (¶ 16) (Miss. 2004). By its specific terms, section 11-1-63 brings within its contemplation only manufacturers and sellers of allegedly defective products. *Harrison v. B.F. Goodrich Co.,* 881 So. 2d 288, 290 (¶¶ 7-8) (Miss. App. 2004), *cert. denied,* 882 So. 2d 772 (Miss. 2004); *see also Scordino v. Hopeman Brothers, Inc.,* 662 So. 2d 640, 643, 645 (Miss. 1995) (defining "seller" and "manufacturer"). RSC neither manufactured nor sold the JLG boom lift. It leased it to Higgins Electric. Accordingly, RSC is entitled to judgment as a matter of law on the plaintiff's design defect claims. *Harrison*, 881 So. 2d at 290-91(¶8).

To prevail on a negligence claim, a plaintiff must prove each element of negligence: duty, breach of duty, causation and damages. *Presswood v. Cook,* 658 So. 2d 859, 862 (Miss. 1995). Negligence may be established by circumstantial evidence. *K-Mart Corp. v. Hardy,* 735 So. 2d 975, 981 (¶ 17) (Miss. 1999). Plaintiff Lott charges that RSC was negligent in that at the time it leased the JLG lift to Higgins Electric, RSC knew or should have known that the lift was without an operating safety alarm. The Mississippi Supreme Court has clearly defined the standard by which the plaintiff's claim is to be measured:

> In accord with our own authority and the general rule, we hold that the supplier of a chattel for a use in which the supplier has a business interest owes a duty to the other to use reasonable care to see that the chattel is reasonably safe for its intended use.

3

*Federal Compress & Warehouse Co. v. Swilley,* 171 So. 2d 333, 337 (Miss. 1965).[6]  Although this court may determine that RSC had a duty as the lessor of the JLG boom lift to exercise reasonable care to provide a lift that was reasonably safe for its intended use at the job site where the plaintiff was working, only a jury can determine whether RSC breached that duty. *Presswood v. Cook,* 658 So. 2d 859, 862 (Miss. 1995)[7](reversing summary judgment); *see also Rein v. Benchmark Constr. Co.,* 865 So. 2d 1134, 1147 (¶ 42) (Miss. 2004)(reversing summary judgment on its holding that the scope of the duty owed "is a proper question for the trier of fact"). The inquiry into RSC's entitlement to summary judgment does not, however, end here.

Because the duty imposed upon RSC "includes the duty of reasonable inspection of the property supplied,"[8] for the plaintiff to withstand summary judgment, he must provide proof of an actual defect that would have been disclosed upon reasonable inspection:

> '[W]ithout proof of any actual defect which would have been discovered by reasonable inspection (assuming that one had been made), there is no breach of a duty on the part of the appellee.  For the appellant to recover upon the doctrine of simple negligence, [he] must establish an actual defect in the machine which was, or

---

[6] In *Thompson v. Reily,* 211 So. 2d 537 (Miss. 1968), the court addressed liability of a lessor to a person other than the lessee:
> 'One who leases a chattel as safe for immediate use is subject to liability to those whom he should expect to use the chattel, or to be endangered by its probable use, for physical harm caused by its use in a manner for which, and by a person for whose use, it is leased, if the lessor fails to exercise reasonable care to make it safe for such use or to disclose its actural condition to those who may be expected to use it.'

*Id.* at 540 (quoting RESTATEMENT (SECOND) OF TORTS § 408 at 366 (1965)).

[7] The *Presswood* court recognized that "where a situation suggests investigation and inspection in order that its dangers may fully appear, the duty to make such investigation and inspection is imposed by law." *Id.*

[8] *Swilley,* 171 So. 2d at 337.

4

should have been known to the appellee.'

*The Hertz Corporation v. Goza,* 306 So. 2d 657, 660 (Miss. 1974) (quoting *Brookshire v. Florida Bendix Co.,* 153 So. 2d 55, 57 (Fla. 1963)); *see also Swilley,* 171 So. 2d at 339.  Viewing the evidence in a light most favorable to the plaintiff–as it must be– it cannot be said that there is no question of fact material to the issue of RSC's exercise of reasonable care:

> JLG manufactured the boom lift that RSC leased to Higgins Electric.  At RSC's request, JLG equipped the lift with a motion alarm. The lift was operated in the area where the plaintiff and others were working.  At the time of the accident, the plaintiff was cutting pipe with his back turned to the lift.  The plaintiff did not hear an alarm immediately prior to the accident. Neither a co-worker nor the operator of the lift remembered hearing an alarm.  Inspection of the alarm after the accident revealed that it had been disabled.[9]  When, as here, a boom lift equipped with an alarm was used inside a building, RSC knew that it was common practice for contractors to disengage the alarm because of the noise.

Accordingly, summary judgment on the plaintiff's negligence claim must be denied. *See Presswood v. Cook,* 658 So. 2d 859, 862 (Miss. 1995)(reversing summary judgment).

IT IS, THEREFORE, ORDERED AND ADJUDGED that Rental Service Corporation's Motion for Summary Judgment [#129] is hereby DENIED as to the plaintiff's negligence claim and GRANTED as to the plaintiff's strict liability claim.  The strict liability claim is DISMISSED with prejudice.

SO ORDERED AND ADJUDGED on this, the 23rd day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[9] Jimmy Runnels, a former RSC mechanic, testified that it was unplugged.  Dan Hudson, also an RSC mechanic, testified that it had insulation wrapped around it.